

# The Attorney General of Texas

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 21, 1980

John W. Davis, O.D.
Chairman, Texas Optometry Board
5555 North Lamar
Austin, Texas 78751

Opinion No. MW-275

Re: Authority of an optician to fit contact lenses

Dear Dr. Davis:

You ask several questions about section 5.17 of the Texas Optometry Act which reads in pertinent part:

> Nothing in this Act shall prevent, limit, or interfere with the right of a physician duly licensed by the Texas State Board of Medical Examiners to treat or prescribe for his patients or to direct or instruct others under the control, supervision, or direction of such a physician to aid or minister to the needs of his patients according to the physician's specific directions, instructions or prescriptions; and where such directions, instructions, or prescriptions are to be followed, performed, or filled outside or away from the physician's office such directions, instructions, or prescriptions shall be in writing.

V.T.C.S. art. 4552-5.17.

Your questions concern the fitting of contact lenses under a physician's direction pursuant to this provision. Article 4552-1.02, which defines the "practice of optometry," makes the following proviso with respect to fitting contact lenses:

> provided, however, the fitting of contact lenses shall be done only by a licensed physician or licensed optometrist as defined by the laws of this state, but the lenses may be dispensed by an opthalmic dispenser on a fully written contact lens prescription issued by a licensed physician or optometrist, in which case the opthalmic dispenser may fabricate or order the contact lenses and dispense them to the

patient with appropriate instructions for the care and handling of the lenses, and may make mechanical adjustment of the lenses, but shall make no measurements of the eye or the cornea or evaluate the physical fit of the lenses, by any means whatsoever; provided that the physician or optometrist who writes or issues the prescription shall remain professionally responsible to the patient.

V.T.C.S. art. 4552-1.02(3)(A).

You have provided us with the Optometry Board's definition of a "fully written" contact lens prescription within the meaning of section 1.02(3)(a). It must include: radius and width of all curves prescribed, lens diameter, optical zone diameter, lens power, and lens color. You have provided a list of acts numbered (a) through (l) which constitute fitting contact lenses within the meaning of section 1.02(3)(a). We will not reproduce the list at length, since the acts are technical in nature and since your questions do not require us to make distinctions between the various acts.

You first ask whether section 5.17 authorizes a physician to direct an optician who is outside of the physician's office to perform the acts of measurement and evaluation which you list. In the alternative, you ask whether the physician may delegate authority to perform such acts only to persons authorized to perform them by section 1.02 of the Texas Optometry Act. The practice of medicine includes the practice of optometry. See Baker v. State, 240 S.W. 924 (Tex. Crim. App. 1921). Thus, a licensed physician has authority to fit contact lenses. He may delegate his authority to another person as long as he provides adequate control and supervision. See Thompson v. Texas State Board of Medical Examiners, 570 S.W.2d 123 (Tex. Civ. App. — Tyler 1978, writ ref'd n.r.e.); Attorney General Opinions H-395 (1974); H-27 (1973). We believe a physician may delegate the fitting of contact lenses to another person as long as he provides instruction, control, and supervision commensurate with that person's qualifications. Article 4552-5.17, V.T.C.S., states that "[n]othing in this Act" shall prevent a licensed physician from directing others to minister to the needs of his patients, and we believe this language means that the limitation in section 1.02(3)(a) is not applicable to work done at the direction of a physician. In our opinion, section 5.17 authorizes a physician to delegate the fitting of contact lenses to a person not covered by section 1.02, including an optician.

You next ask eight specific questions regarding the authorization which the physician directs to the optician. You first ask whether the authorization must be in writing. Section 5.17 clearly states that it must be, where the instructions are to be followed away from the physician's office.

You next ask whether the authorization must be directed to a particular optician, or whether it may be a blanket authorization to any optician of the patient's choice. Where a physician delegates a medical task to another person, he must provide adequate instruction consistent with that person's skill and knowledge. See Attorney General Opinion H-1295 (1978). Since opticians are not licensed in Texas, he cannot rely on a particular level of ability in the profession. Therefore, we believe the physician should address the authorization to a particular optician or opticians, and provide instructions which are appropriate to that person's ability.

You next ask whether the authorization may be limited to a particular patient, or whether it may be a "blanket" authorization applicable to future patients of the physician who are cleared for contact lenses. Section 5.17 clearly requires written instructions for each patient. Since individual patients may require different types of services, it is unclear how workable a blanket authorization would be. However, where the same specific instructions are applicable to a group 'of patients, we believe the doctor may direct in writing that a particular patient be given the services described in directions already given to the optician by the physician. We find no legal difference between this procedure and one wherein the physician uses multiple copies of the same instructions and adds the patient's name to it.

You next ask whether the optician must be under the "control, supervision, or direction" of the physician in the performance of such authorized acts. It is clear from the language of the statute that any person who treats a patient at a physician's instruction must be under "control, supervision, or direction." The only distinction made with respect to a person who performs away from the office is that the directions, instructions, or prescriptions must be in writing.

We will combine your next two questions for convenience in answering. You ask whether the optician must receive "specific" directions from the physician and whether the phrases "OK for contacts" or "Take all necessary steps for contacts" satisfy the requirement for specific directions. Section 5.17 clearly states that persons ministering to the needs of a physician's patients must do so according to his "specific directions, instructions, or prescriptions," which, of course, must be in writing where the work is performed away from the physician's office. The particular phrases you inquire about do not, in our opinion, constitute specific directions. Cf. Attorney General Opinion H–662 (1975) (specific notice under Open Meetings Act).

You next ask whether the authorization from the physician must be directed only at an individual optician or whether it may be given to a corporation or partnership. Section 5.17 recognizes that a physician may delegate medical tasks to others, consistent with his licensing statute. Cf. Thompson v. Texas State Board of Medical Examiners, 570 S.W.2d 123 (Tex. Civ. App. – Tyler 1978, writ ref'd n.r.e.) (physicians may not delegate performance of acupuncture to others). We believe, however, that it permits delegation of medical tasks only to natural persons, since only natural persons can be subject to the control or supervision of the physician.

You next ask whether a physician may authorize an optician to delegate to others the right to perform the list of acts in fitting contact lenses which you have provided. In our opinion, section 5.17 does not permit a subdelegation of medical tasks. Thus, the authorization must be addressed to the person who actually does the work.

You next ask whether the physician is legally liable for the negligence of the optician in performing the acts of measurement and evaluation which you describe. The liability of a physician for negligence of someone who assists him and who is employed by a third party depends upon principles of agency law. Sparger v. Worley Hospital, Inc., 547 S.W.2d 582 (Tex. 1977). The borrowed servant doctrine has been applied to determine the

liability of a surgeon for the negligence of an operating room nurse employed by the hospital. Id. The essential inquiry there was whether the surgeon had the right to control the details of the specific act raising the issue of liability. The right of control is ordinarily a question of fact. Id. However, in the case of persons acting under a physician's direction pursuant to section 5.17, we believe the physician has a right to control the performance, whether he does so or not in a particular case. Hence, we believe a physician would be liable for the negligence of an optician acting under his directions pursuant to section 5.17. Of course, the optician may also be liable for his own negligence.

You finally ask whether an optician who has not been authorized by a physician to perform the actions you list is liable for his own negligence in performing them. One who negligently fits contact lenses is liable for the damage caused by his negligence. Cf. Barbee v. Rogers, 425 S.W.2d 342 (Tex. 1968) (negligence in fitting contact lenses did not cause injury).

## SUMMARY

Article 4552-5.17, V.T.C.S., authorizes a physician to direct an optician outside of his office to perform acts necessary to fit contact lenses. The physician must use a specific written authorization to direct the optician's work. The physician remains legally liable for the negligence of the optician in performing services under his direction. An optician, acting with or without a physician's authorization, is liable for damage caused by his own acts of negligence.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Carla Cox
Rick Gilpin
C. Robert Heath